Hitchcock, C. J.
This is a joint bill filed by the complainants, George Myers and James Galloway, jr., to enjoin a judgment at law recovered against them jointly with Galloway and Myers, upon a promissory note. The ground upon which relief is sought is, that the complainants were mere sureties upon the note, which fact was known to the payee, and that after the note became due he extended the time of payment to the principal debtors, upon sufficient consideration, without the knowledge or assent of the sureties.
The fact is, that after the .note upon which this judgment was recovered fell due, Earrington did, for a sufficient consideration, extend the time of payment as charged in the bill. But it is equally clear that this was done with the assent and at the request of the complainant Myers. This is not controverted, and it seems to be admitted by counsel, that as to him, *75 the bill must be dismissed, and the injunction dissolved. But. there is nothing in the case to show, nor is it even pretended, that the complainant Galloway ever assented to, or had any knowledge of, this agreement for the extension of time. So far as he is concerned, having been deprived of making a defense at law, he would have been entitled to relief in chancery. But having, in the case before us, come into court in connection with one who is entitled to no relief, what shall be the consequence ? It is a clear case of misjoinder, or improper joinder of parties complainant. It is so admitted to be by counsel, and the questions argued are whether the bill shall be dismissed as to both the complainants, or whether it shall be dismissed as to Myers, with a decree in favor of Galloway, or whether it shall be dismissed as to Myers, and leave given the complainant Galloway to amend.
On the part of the defendant it is insisted that, where there is a misjoinder of complainants, the bill should be dismissed; and to sustain this position, counsel cite the following authorities : 3 Paige’s Rep. 336 ; 2 Sanford’s Ch. Rep. 250; 5 Simmon’s Rep. 395; 9 Simmon’s Rep. 299.
But it is claimed by the complainants’ counsel, that this is never done, unless the defect is apparent upon the face of the bill, and a demurrer is interposed. It seems to us it would not do to say that a bill would not be dismissed on account of the misjoinder of parties, where an answer had been filed. In the case before the court, the bill, upon its face, contains sufficient matter of equity to justify the action of court. It must have been sustained on demurrer. The court would not, of course, dismiss a bill on account of a misjoinder of complainants. Whether it should be done or not, must depend upon the equity of the case, as disclosed at the hearing. If, upon hearing, the court are satisfied that ultimate justice cannot be done, except by the dismissal of the whole bill, there certainly can be no substantial objection to its being done. „
In the case before the court, had Galloway alone filed the bill,, the judgment, as to him, might have been enjoined. But in that *76 case, if the statement in the bill be true, the defendant Farrington might have collected his judgment; for the bill shows that the sheriff was about to levy the execution upon the property of •the complainant Myers, and it is admitted on all hands that Myers was both legally and equitably bound by this judgment. The property of Galloway was not threatened with an execution. It was in no immediate danger. But, under these circumstances, Galloway has seen proper to connect himself with Myers, and, by so doing, has prevented proceedings against the property of Myers. It was, as it seems to the court, an improper interference, in no way justified by the circumstances of the case.
In consequence of this interference, it is argued by the counsel for the defendant that the injunction should be dissolved, the bill dismissed, and a decree entered against both the complainants for the amount of the judgment enjoined, according to the provisions of the statute. It seems to the court, however, that this would be inflicting too severe a penalty upon Galloway, for his unadvisedly joining with Myers in the prosecution of this suit.
On the part of the complainants, we are urged to dismiss the bill as to Myers, continue it as to Galloway, and to permit him to amend, by making Myers a party defendant.
But when we consider the injury which has been done to the defendant Farrington by the prosecution of the suit, in delaying him in the collection of a judgment to him honestly due, we are not disposed to extend any particular favor to one who has been instrumental in procuring this state of things. .This is an injunction case — a case by which a judgment at law has already been delayed for a period of more than seven years — and we would not willingly do anything to create further delay, or take any course which may, by possibility, interfere with any claim which the defendant Farrington may legally have jipon the injunction bond. #
Upon full consideration, we have been brought to the conclusion that justice will be done to these parties by dissolving the *77 injunction and dismissing the bill at the costs of complainants; the dismissal as to Galloway to be without prejudice, and to allow the defendant Farrington to take a decree against the complainant Myers for the amount due upon the judgment at law. A decree may be taken accordingly.